IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YASLAM ISSA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF WORKFORCE SERVICES,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br><br>Case No. 2:11-cv-1067 CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

  This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). Judge Wells concluded Plaintiff Yaslam Issa's complaint failed to state a claim and therefore ordered Plaintiff to amend the complaint by December 21, 2011. Judge Wells asked Plaintiff to address specifically how this court has jurisdiction, to provide factual details, and to make the complaint more legible so the court could discern the nature of Plaintiff's allegations. Judge Wells warned Plaintiff that failure to comply with the order would result in dismissal of the action. Plaintiff did not file an amended complaint by the specified date. Accordingly, on December 27, 2011, Judge Wells issued a Report and Recommendation that recommends dismissal pursuant to 28 U.S.C. § 1915 based on failure to state a claim for relief. No objection has been filed, but Plaintiff did file an amended complaint on December 29, 2011.

  Plaintiff's first complaint asserts the Department of Workforce Services (the "Department")

discriminated against her because she is Muslim. The Department notified Plaintiff that it was closing her case. Plaintiff alleges the Department closed it "for no good reason." Complaint, ¶ 4 (Dkt. No. 3). Plaintiff requests that the Department be ordered to provide financial assistance until Plaintiff finds employment.

Plaintiff's amended complaint does appear more legible and she has simplified her assertions. Plaintiff again asserts that the Department closed her financial assistance case, and she details the significant financial distress this caused. Plaintiff also asserts that she applied for emergency assistance, but was denied that as well despite the fact that she has children under the age of five. Although it is clear that Plaintiff has made an effort to comply with Judge Wells' order, the amended complaint still lacks sufficient information to show that this court has jurisdiction to hear the case.

When a state agency denies benefits or closes a case, a person must first exhaust administrative remedies. In other words, a person must file an appeal with the agency and receive a ruling on that appeal before this court may have jurisdiction. There is no evidence in this case that Plaintiff exhausted her administrative remedies. Additionally, while denial of financial assistance on discriminatory grounds can result in a legitimate claim for relief, Plaintiff has not asserted facts to show she was denied benefits for this reason.

The court therefore concurs that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court hereby APPROVES AND ADOPTS the Report and Recommendation on that basis.[1] This case is hereby dismissed.

---

[1] Docket No. 8.

SO ORDERED this 24th day of February, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge